IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM J. WANAMAKER )
) No. 18-58
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for social security disability benefits and supplemental social security income, alleging mental and physical impairments. His application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

1

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

Plaintiff's treating therapist/medication manager, Jason Benton, CRNP, completed a medical evaluation questionnaire. He opined, inter alia, that Plaintiff has no useful ability to function in the area of maintaining socially appropriate behavior or adhering to basic standards of neatness and cleanliness, as well as in getting along with co-workers or peers. Mr. Benton

2

also noted that Plaintiff was unable to meet competitive standards in interacting with the general public.[1] The opinion, along with that of Plaintiff's therapist, were given "little weight," for the following reasons:

> [T]hese opinions are not consistent with the claimant's treatment notes which do not document the level of impairment that is suggested in the treatment providers' opinion statements. While the claimant does have variable finding in mood and affect and occasionally presents as disheveled, he never has problems related to thought, memory, or concentration. His treatment providers have also not suggested more intense treatment or more frequent appointments as would be likely if the claimant were as limited as their opinion.

Like the treating therapists, the state agency non-examining reviewer opined that Plaintiff had marked limitations. The reviewer, Dr. Milke, noted that Plaintiff was markedly limited in the ability to interact appropriately with the public, maintain socially appropriate behavior, and adhere to basic standards of neatness and cleanliness. He further noted that Plaintiff was moderately limited in the ability to get along with co-workers or peers. Dr. Milke concluded as follows: "Despite the claimant's MH limitations, he maintains the ability to understand, retain, and follow simple instructions and directions. He is capable of doing simple, routine, and repetitive work." The ALJ afforded great weight to Dr. Milke's opinion. The ALJ noted that this opinion was well reasoned and well supported by the medical evidence that documents "stable mental status exams with regular mental health treatment and medication."

The ALJ's decision in this regard is not problem-free. For example, the reasons that the ALJ discounted Mr. Benton's opinion are not obviously related to the social limitations about which two medical opinions – one of which was given "great weight" -- agreed. Further, Plaintiff's abilities with thought, memory, and concentration are not connected to his ability to

---

[1] The form defined "unable to meet competitive standards" as "your patient cannot satisfactorily perform this activity independently, appropriately, effectively and on a sustained basis in a regular work setting." "No useful ability to function" was defined as "an extreme limitation, means your patient cannot perform this activity in a regular work setting."

function socially. Likewise, the fact that treating mental health professionals did not recommend "more intense treatment" for someone treated with multiple medications and many years of regular therapy seems only tenuously connected to Plaintiff's social limitations. Had the ALJ explained more specifically his assessment of the therapist's opinions regarding social limitations, it would have eased the Court's review process. Even if the ALJ somehow erred in his treatment of Mr. Benton's opinion regarding Plaintiff's marked social limitations, however, any such error is harmless.

The ALJ arrived at a residual functional capacity ("RFC") permitting "only occasional interaction with coworkers (no tandem tasks) and supervisors and no interaction with the public." While not unanimously so, courts have repeatedly indicated that a limitation to occasional social interactions is not necessarily inconsistent with even marked limitations in social functioning. See, e.g., Christopher V. v. Comm'r, SSA, No. 17-01503, 2019 U.S. Dist. LEXIS 802, at *20 (D. Or. Jan. 2, 2019); Shinlever v. Berryhill, No. 15-371, 2017 U.S. Dist. LEXIS 105666, at *14 (E.D. Tenn. July 10, 2017) (citing cases). This is because the RFC is the most that a claimant can do, despite his limitations, and must be based on all of the relevant evidence of record. Shinlever, 2017 U.S. Dist. LEXIS 105666 at *14. In this particular case, it is apparent that the ALJ thoroughly reviewed the medical and nonmedical evidence in order to arrive at the RFC. In fact, the ALJ specifically found that Plaintiff had "marked limitation" in "interacting with others." Again, I cannot review the evidence de novo, or base a ruling on sympathy or the fact that I might have weighed the evidence differently; the scope of review is limited. Applying that scope of review, I find that the ALJ's decision is supported by substantial evidence, and remand is not warranted.

## CONCLUSION

In conclusion, the Plaintiff's Motion will be denied and Defendant's granted. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: March 14, 2019

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM J. WANAMAKER )
) No. 18-58
    v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

## ORDER

AND NOW, this 14th day of March, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

    BY THE COURT:

    */s/ Donetta F. Ambrose*

    _____

    Donetta W. Ambrose
    Senior Judge, U.S. District Court